**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Michael D. Rix

    v.                                          Civil No. 05-cv-354-JD

Fredrick Serna, et al.

**O R D E R**

Michael Rix has filed suit pursuant to 42 U.S.C. § 1983,[1] alleging that the defendants have violated his Fourteenth Amendment due process rights and his Eighth Amendment right not to be subjected to cruel and unusual punishment, and related claims under state law. Because Rix filed this action as a prisoner proceeding *pro se* and *in forma pauperis*, the matter is

---

[1] Rix titles his original complaint (document no. 1) "Petition for Writ of Habeas Corpus Petition in Equity" and his amended complaint (document no. 5) "Amended petition in Equity." I find, however, that Rix has alleged a violation of his federal constitutional rights by state actors, and that his claim is therefore a civil rights action under 42 U.S.C. § 1983, which creates a cause of action against those who, acting under color of state law, deprive individuals of "any rights, privileges or immunities secured by the Constitution and laws" of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997). I will consider both his original and amended petitions, in the aggregate, to be the complaint in this matter.

before me for preliminary review to determine whether the complaint states a claim upon which relief might be granted.  <u>See</u> 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

As fully explained in the Report and Recommendation issued simultaneously with this Order, Rix has alleged facts sufficient to allow four claims of inadequate medical care to proceed: denial of a medically appropriate diet, denial of properly administered medication, denial of adequate foot care and denial of proper treatment for a cyst.  However, Rix has failed to name any defendant to these claims.

Therefore, I direct Rix to amend his complaint within thirty (30) days of today's date, to state, with specificity, who was responsible for denying him the medical care to which he was entitled in each of these four instances.  Rix must name specific individuals and state with particularity what each named defendant did to violate his constitutional right to adequate medical care.  If Rix is not in possession of the names of medical care providers at the Strafford County House of Correction ("SCHC"), he is entitled to receive a copy of his

medical records, which should contain the names of the medical personnel at the SCHC responsible for his care and treatment.

    **SO ORDERED.**

                                              James R. Muirhead
                                              United States Magistrate Judge

Date:     February 21, 2006

cc:       Michael D. Rix, *pro se*