UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Michael D. Rix


    v.                                         Civil No. 05-cv-354-JD

Warren Dowaliby, Superintendent,
Strafford County House of
Corrections, et al.


**REPORT AND RECOMMENDATION**


     Before the Court for consideration is Michael Rix's Emergency Motion for Contempt/Motion for the Extension of Time ("The Contempt Motion") (document no. 13), objections to that motion filed by PrimeCare Medical ("PCM") (document nos. 15, 25 & 26) and the Strafford County Department of Corrections ("SCDC") (document nos. 21 & 23), and Rix's response to PCM's objection (document no. 20). Also before the Court is SCDC's motion for a protective Order (document no. 24). For the reasons stated herein, I recommend that the Court deny the motion for contempt and give Rix leave to amend his complaint at this time. I further recommend that the motion for a protective order be granted.

Background

Rix, a diabetic, alleges that during his 2005 incarceration at the Strafford County House of Corrections ("SCHC"), the SCHC medical providers failed to provide him with adequate medical care by denying him an appropriate diet, incorrectly administering his insulin, failing to provide adequate toenail care, and failing to provide adequate post-surgical care. See Document nos. 1 & 5.[1]  Rix also complains about due process violations in the SCHC disciplinary system.

On February 21, 2006, this Court issued a Report and Recommendation (document no. 7) recommending the dismissal of the due process claims and all of the named SCHC defendants from this action.  The District Judge approved that Report and Recommendation over Rix's objection on February 28, 2006 (document no. 10).  This Court also issued an Order on February 21, 2006 (document no. 8) stating that Rix had stated a claim upon which relief might be granted for violations of his Eighth and Fourteenth Amendment right to receive adequate medical care at the SCHC.  Rix was directed to amend his complaint, however,

---

[1] Rix's initial complaint (document no. 1) and amended complaint (document no. 5) were accepted, in the aggregate, as the complaint in this matter.

as it failed to name any particular defendant responsible for the inadequate medical care alleged.  In my February 21st Order, I advised that "[i]f Rix is not in possession of the names of the medical personnel at the SCHC, he is entitled to receive a copy of his medical records, which should contain the names of the medical personnel at the SCHC responsible for his care and treatment."  I directed Rix to file an amended complaint within thirty days to properly name a defendant or defendants to his medical care claims, citing with specificity what each defendant did to deny Rix his constitutional rights.[2]

On March 9, 2006, Rix filed an Emergency Motion to Enforce Orders/Motion for the Production of Documents (document no. 12) alleging that the SCHC had denied him access to his medical records.  Rix alleged in that Motion that he was seeking only "specific logs, notations, appointments, treatments and orders with the personnel involved in those specific incidents charged . . . in the complaint."  Rix sought an Order to the SCHC "to produce all documents requested by the Plaintiff and a prior

---

[2]My order did not limit Rix to naming only members of the SCHC medical department as defendants to this action.  To the extent that any SCDC employee is responsible for Rix not receiving adequate medical care, they too may be named as defendants to this action.

viewing to ensure the complete discloser (sic) of the requested document(s) that relate to this complaint only, and . . . order that the Defendant(s) surrender all log entries, incident reports, notes, orders, treatment(s) and all other security and medical information that may have a bearing on this matter and the conduct of the Defendant(s) from 6/12/04 to 11/30/05." Rix's motion was granted on March 9, 2006.

On March 17, 2006, Rix filed his Contempt Motion. Rix argues that "after several contacts with the Defendant(s)" he had not been provided with any of his medical records. The Contempt Motion makes clear that Rix believes that the information he seeks, specifically, any and all documentation in the possession of PCM or the SCDC that in any way relates to the allegations in his complaint, is owed to him by virtue of his right to discovery in a civil action. At this time, however, Rix's complaint has not been served on any defendant, and no potential defendant yet has any discovery obligation to meet in this matter.[3] This Court simply ordered that Rix be provided with a copy of his own medical records so that he could identify an appropriate

---

[3] Nothing in this Report and Recommendation should be construed as commenting on what, if any, discovery obligations may accrue to parties to this action after service of the complaint.

defendant or defendants upon which his medical care claims could be served.

As outlined in a four page letter sent from PCM's counsel to Rix, and attached to PCM's amended objection to the Contempt Motion (document no. 26), PCM has provided Rix with a complete copy of his medical records at the SCHC and the Rockingham County House of Corrections.  Further, PCM has agreed to search for and provide any of Rix's medical records that might exist at its corporate headquarters.  Counsel for PCM has offered to work with Rix to complete records that Rix identified as incomplete, to assist Rix in identifying medical personnel by handwriting, signature, initials, or physical appearance.  Further, PCM's counsel has provided Rix with the names of the physician working for PCM at the SCHC from 2004 to the present, Dr. Benjamin Heiderscheidt, the physician's assistant working for PCM at the SCHC from 2004 to the present, Christopher Schwieger, the nurse who allegedly injected Rix with improper insulin, Sharon Hey, and Hey's supervisor, Karen Gallagher.  Counsel for PCM also indicated his willingness to continue to work with Rix to assure that Rix receive the medical records he needs to identify the medical personnel responsible for his care at the SCHC.  PCM

objects to a finding of contempt on the basis that they have promptly supplied Rix with all of the documents he has requested to the best of their ability.  PCM also assents to Rix having an extension of time in which to file an amended complaint, but requests that the extension be limited to thirty days.

The SCDC has also filed an objection to the Contempt Motion (document no. 23).  The SCDC argues that they are not currently defendants to this action, that Rix's request is overbroad for the purpose of identifying potential defendants in the case, that the request is vague, and that fulfilling the request would be unduly burdensome as it would require a huge expenditure of financial and personnel resources to search for, identify, and produce the documents sought by Rix.

I find that the pleadings filed in objection to the Contempt Motion, and attachments thereto, demonstrate that Rix has been provided with more than sufficient information to be able to name defendants to his claims alleging a denial of adequate medical care.  Contempt is only an appropriate remedy when a party has violated a court order.  In this instance, the Court ordered only that Rix be provided with medical records in order that he be able to divine an appropriate defendant or defendants to his

action.  Because PCM and the SCDC have complied with that Order, I recommend that the motion for contempt be denied.

The SCDC has requested that this Court issue a protective order (document no. 24) "determining that items other than the medical records of Plaintiff, including but not limited to the log entries, are not required to be searched or produced at this time."  Because I find that this Court's Order for production of medical records has been complied with, I recommend that the Court grant the motion for a protective order.  Any additional information sought by Rix to support or prove his claims against any defendants served may be pursued through the formal discovery process.

Finally, I recommend that the Court grant Rix 30 days to file an amended complaint.  If the District Judge approves this Report and Recommendation, Rix must file an amended complaint naming an appropriate defendant or defendants to this action within thirty days of the date of the Court's approval.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                                /s/ James R. Muirhead
                                                James R. Muirhead
                                                United States Magistrate Judge

Date:     April 24, 2006

cc:       Michael D. Rix, *pro se*
          Kenneth C. Bartholomew, Esq.
          Corey M. Belobrow, Esq.