UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Michael D. Rix

    v.                              Civil No. 05-cv-354-JD

Strafford County Department
of Corrections, et al.


O R D E R

     Michael D. Rix, proceeding pro se, brought suit, pursuant to 42 U.S.C. § 1983, against the Strafford County House of Corrections, several of its employees, and two medical care companies, alleging that they failed to properly care for his diabetes while he was held as a pretrial detainee and then incarcerated at the county jail.  Defendants Sharon Hey and Primecare Medical, Inc., move to dismiss Rix's claim, alleged in Count II, that Hey administered an improper dose of insulin to Rix.  Rix did not respond to the motion.


Standard of Review

    In considering a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff.  Edes v. Verizon Comms., 417 F.3d 133, 137 (1st Cir. 2005).  The court must determine whether the complaint, construed in the proper light, "alleges facts sufficient to make out a cognizable claim."  Carroll v. Xerox

Corp., 294 F.3d 231, 241 (1st Cir. 2002).  "The standard for granting a motion to dismiss is an exacting one:  'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" McLaughlin v. Boston Harbor Cruise Lines, Inc., 419 F.3d 47, 50 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 46 (1957)).

## Discussion

Sharon Hey is a nurse, "LPN," who was employed by Primecare Medical, Inc., to provide medical services for the Strafford County Department of Corrections.  Rix alleges in Count II that his constitutional rights to appropriate medical care were violated when Hey mixed Lantus brand insulin with another brand of insulin and administered the two insulins to him in a single injection.  He contends that the two types of insulin are incompatible and that injection of the combined insulins caused him temporary blindness and nearly caused a coma and death.  He further alleges that a nurse supervisor, Penny Purdue, RN, told him several days later that the combination was safe but then, after reviewing pertinent information about Lantus insulin, concluded that the combination was dangerous.  As a result, Purdue put a large note in Rix's file instructing the nursing

staff not to mix Lantus with any other insulin.

Rix was both a pretrial detainee and a sentenced inmate during his incarceration.  He does not make clear whether this incident occurred before or after he was sentenced.  Although the care and treatment of pretrial detainees are subject to Fourteenth Amendment protection while the Eighth Amendment applies to sentenced inmates, in the context of medical care, courts have used the same standard.

To state a claim under either the Fourteenth or Eighth Amendments, Rix must allege facts sufficient to show that the defendants acted with deliberate indifference to his serious medical need. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990).  "A 'serious medical need' is one 'that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  Mahan v. Plymouth County House of Corrs., 64 F.3d 14, 18 (1st Cir. 1995) (quoting Gaudreault, 923 F.2d at 208).  "While deliberate indifference entails something more than mere negligence, it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Calderon-Ortiz v. Laboy-Alvarado, 300 F.3d 60, 64 (1st Cir. 2002). Deliberate indifference in this context means that the defendant was subjectively aware of an excessive risk to the inmate's

3

health or safety and disregarded that risk.  Id.

In this case, Hey and Primecare are correct that Rix alleges negligence, not deliberate indifference.  Rix does not allege that Hey or Primecare were aware of the danger of mixing Lantus with other insulin brands before the dose was administered to him.  To the contrary, his allegations show that neither Hey nor Primecare was aware of the danger until several days later when Purdue reviewed the pertinent literature and concluded that a mixed insulin dose was dangerous.  Therefore, because Rix alleges negligence, not deliberate indifference, he fails to state a claim against Hey and Primecare in Count II.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss Count II (document no. 54) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 5, 2006

cc:  Kenneth C. Bartholomew, Esquire
     Corey M. Belobrow, Esquire
     Robert S. Carey, Esquire
     Jonathan A. Lax, Esquire
     Michael D. Rix, Esquire